THE MIDLAND TERMINAL AND FERRY COMPANY

v.

ISAAC K. WILSON and others.

Equity will protect by injunction the owner of a ferry franchise on the Hudson river, against infringement by a rival ferry without a license from this state or the state of New York; such infringement consisting of regular, hourly trips by a ferry-boat, and the solicitation of passengers on their way to complainants' ferry.

Bill for injunction. On order to show cause. On the bill and answer and affidavits on both sides.

NOTE.—Continual interruptions of travel on a ferry and interference with the passengers, such ferry having a legal franchise, are nuisances abatable by injunction. *Newport* v. *Taylor*, 16 *B. Mon.* (*Ky.*) 699; *East Hartford* v. *Hartford Bridge Co.*, 16 *Conn.* 171, 10 *How.* 511; *Newburgh Turnpike Co.* v. *Miller*, 5 *Johns. Ch.* 101; *Long* v. *Beard*, *N. C. Term Rep.* 256; *Collins* v. *Ewing*, 51 *Ala.* 101; *McRoberts* v. *Washburne*, 10 *Minn.* 23; *Walker* v. *Armstrong*, 2 *Kan.* 198; but see *Blewitt* v. *Vaughn*, 5 *How.* (*Miss.*) 418.

That the act establishing the ferry authorizes the complainant to proceed for penalties against anyone interfering with his franchise, will not deprive equity of jurisdiction, *Cory* v. *Yarmouth Co.*, 3 *Hare* 593;

Midland Terminal and Ferry Co. *v.* Wilson.

*Mr. J. B. Vredenburgh,* for the complainants.

*Mr. C. H. Machin,* of New York, for the defendants.

THE CHANCELLOR.

The complainants are the owners of a franchise of ferry across the Hudson river. The defendants carry passengers in their boat across the river on what the defendants call

*Ward* v. *Severance,* 7 *Cal.* 126; or prevent his proceeding at law, *Ferry Co.* v. *Barker,* 2 *Exch.* 136; *Taylor* v. *Wilmington R. R. Co.,* 4 *Jones Law* (*N. C.*) 277; but see *Almy* v. *Harris,* 5 *Johns.* 175; *Lang* v. *Scott,* 1 *Blackf.* (*Ind.*) 405.

So, the ferryman is liable for special damages, notwithstanding penalties are prescribed for not transporting, &c. *Wallen* v. *McHenry,* 3 *Humph.* (*Tenn.*) 245; *Babcock* v. *Herbert,* 3 *Ala.* 392, 397; *Slimmer* v. *Merry,* 23 *Ia.* 90. See *Trent* v. *Cartersville Bridge Co.,* 11 *Leigh* (*Va.*) 521.

An injunction lies to restrain an unlicensed ferry. *Owens* v. *Roberts,* 6 *Bush* (*Ky.*) 609; *Chard* v. *Stone,* 7 *Cal.* 117.

A license to run to one point will not authorize running to another point also, eight hundred yards distant. *Matthews* v. *Peache,* 5 *E. & B.* 546. See *Blair* v. *Carmichael,* 2 *Yerg.* (*Tenn.*) 306; *Mayor of New York* v. *S. I. Ferry Co.,* 8 *Jones & Sp.* 300.

A free ferry is an infringement on an exclusive ferry, *Smith* v. *Harkins,* 3 *Ired. Eq.* (*N. C.*) 613; *Chiappella* v. *Brown,* 14 *La. An.* 189; or a free bridge, *Gates* v. *McDaniel,* 2 *Stew.* (*Ala.*) 211; *Norris* v. *Farmers Co.,* 6 *Cal.* 590; see *Harrell* v. *Ellsworth,* 17 *Ala.* 576; or, the transportation of passengers by a mail-carrier, in his skiff, *Weld* v. *Chapman,* 2 *Ia.* 524; or, in the boats of persons having a right of fishery by prescription, *Tarbet* v. *Bogle,* 10 *Moris. Decis.* 4167; but not, that parties carry their own families and property in their own boats, *Ibid.*; *Greer* v. *Haughabook,* 47 *Ga.* 282; *Trent* v. *Cartersville Bridge Co.,* 11 *Leigh* (*Va.*) 521. The free transportation by a railroad company of persons not their passengers, is an infringement, *Aikin* v. *Western R. R. Co.,* 20 *N. Y.* 370; *Fitch* v. *New Haven R. R. Co.,* 30 *Conn.* 41; and, *semble,* even of their passengers by rail, although paying no fare for ferriage, *Leamy* v. *Waterford & Lim. R. Co.,* 7 *Ir. Com. Law* 27.

There is no general rule prescribing the distance within which the keeper of a ferry is secured against the establishment of another public ferry. *O'Neill* v. *Caddo,* 21 *La. An.* 586, 587. The fact of *nearness* is not conclusive against a rival ferry, for additional accommodation may increase the travel. *Charles River Bridge* v. *Warren Bridge Co.,* 7 *Pick.* 522, 11 *Pet.* 420. If a certain distance is prohibited by statute, it must be measured by the course of the river. *McLeod* v. *Burroughs,* 9 *Ga.* 213. Fifteen yards is so near that equity will interfere, *Letton* v. *Gooden, L. R.* (2 *Eq. Cas.*) 123; so, twenty yards, *Norwood* v. *Norwood,* 3 *Bland's Ch.* (*Md.*) 477, 4 *Har. & Johns.* 112; so, four hundred yards, *Pim* v. *Currell,* 6 *M. & W.* 234; so, three-quarters of a mile, although

Midland Terminal and Ferry Co. v. Wilson..

" excursions." The complainants, on the case made by the bill and their affidavits, are entitled to a preliminary injunction. It is shown that their ferry franchise is directly interfered with by the defendants; that persons on their way to the ferry, to cross the river thereby, are, by the solicitation of those in charge of the defendants' boat, induced to cross in that boat instead of crossing by the ferry; and that the business of the ferry has been thus sensibly and very materially interfered with and prejudiced. The defendants make

---

defendant owned both banks of the Thames, *Churchman* v. *Tunstal*, *Hard.* 162; see *Att'y-Gen.* v. *Richards*, 2 *Anst.* 603, 616.

A ferry from A. to B. does not prevent a person carrying passengers from A. to C., a point two miles from B., *Tripp* v. *Frank*, 4 *T. R.* 666; so, from A. to B. and from B. to C., is not infringed by carrying from A. to B., *Taylor* v. *Wilmington R. R. Co.*, 4 *Jones Law* (*N. C.*) 277; so, where the old ferry was established in or before 1676, and the new one in 1857, when additional ferries were shown to be necessary, *Newton* v. *Cubbitt*, 12 *C. B.* (*N. S.*) 32.

The landing of passengers upon the wharf of another ferryman, is a mere trespass, which equity will not enjoin, *Ross* v. *Page*, 6 *Ohio* 166. See *Henry* v. *Turner*, 2 *Port.* (*Ala.*) 23; *Bell* v. *Clegg*, 25 *Ark.* 26, 30; *State* v. *Wilson*, 42 *Me.* 9. Laying out a highway through lands necessarily used, may be enjoined, *Flanders* v. *Wood*, 24 *Wis.* 572.

An indictment lies for keeping a ferry without a license, *Wheat* v. *State*, 6 *Mo.* 455; *Ward* v. *Severance*, 7 *Cal.* 126; but not for non-user, *Carter* v. *Commonwealth*, 2 *Va. Cas.* 354; but see *Payne* v. *Partridge*, 1 *Show.* 231, where, to an indictment for the abandonment of a free ferry, the plea that defendant had built a free bridge was held bad, because he might afterward pull it down.

An action on the case, by the owner of a ferry, lies for damages caused by running an unlicensed free ferry a mile distant, reached by a road laid out over private lands of defendants, with sign-boards erected at its intersection with the old road, directing travelers that such new road led to a free ferry, *Long* v. *Beard*, 3 *Murph.* (*N. C.*) 57; see *Huzzey* v. *Field*, 2 *C. M. & R.* 432; *Ferry Co.* v. *Barker*, 2 *Exch.* 136; *State* v. *Seawell*, 3 *Hawks* (*N. C.*) 193; so, where a similar ferry was established three hundred yards away, and the approach to the old ferry obstructed by cutting down trees, and notices were set up at the intersection of the roads, stating that the old road was out of repair, such notices also being distributed throughout the neighborhood. *Stark* v. *McGowen*, 1 *N. & M.* (*S. C.*) 387.

no claim of right of ferry, though they claim the right to transport passengers in their boat from one side of the river to the other, under their license from the United States to ply in the harbor and bay of New York. This gives them no right of ferry. Their so-called "excursions" are not merely occasional, but regular, hourly trips from one side of the river to the other.

Injunction ordered.

